IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LYLE BETTERTON,                                    07-CV-1179-BR

        Plaintiff,                           OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

        Defendant.


RICHARD A. SLY
1001 S.W. Fifth Avenue, Suite 310
Portland, OR 97204
(503) 224-0436

LINDA S. ZISKIN
3 Monroe Parkway, Suite P
Lake Oswego, OR 97035
(503) 210-0295

        Attorneys for Plaintiff


1  -  OPINION AND ORDER

**KARIN J. IMMERGUT**
United States Attorney
**BRITANNIA I. HOBBS**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1158

**DAVID MORADO**
Regional Chief Counsel
**FRANCO L. BECIA**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA 98104-7075
(206) 615-2114

        Attorneys for Defendant


**BROWN, Judge.**

        Plaintiff Lyle Betterton seeks judicial review of a final
decision of the Commissioner of the Social Security
Administration (SSA) in which he denied Betterton's application
for Disability Insurance Benefits (DIB) and found Betterton
ineligible for Supplemental Security Income (SSI) payments under
Titles II and XVI of the Social Security Act.  This Court has
jurisdiction to review the Commissioner's decision pursuant to 42
U.S.C. § 405(g).

        Following a review of the record, the Court **REVERSES** the
decision of the Commissioner and **REMANDS** this matter pursuant to
sentence four of 42 U.S.C. § 405(g) for further administrative
proceedings.


2    -   OPINION AND ORDER

## ADMINISTRATIVE HISTORY

Betterton filed applications for SSI and DIB on March 28, 2000.  Tr. 113-15.[1]  The applications were denied initially and on reconsideration.  Tr. 77-81.  An Administrative Law Judge (ALJ) held an initial hearing on September 13, 2000, at which Betterton was represented by an attorney.  Tr. 20-74.  Betterton, a medical expert (ME), and a vocational expert (VE) testified at the hearing.  Tr. 20-74.  The ALJ issued an opinion on November 28, 2001, in which he found Betterton is not disabled and, therefore, is not entitled to benefits.  Tr. 11-19.  The Appeals Council denied Betterton's request for review.  Tr. 4-5.  The ALJ's decision, therefore, became the Commissioner's final decision on May 2, 2002.

On June 12, 2002, Betterton filed a Complaint in this Court in which he sought judicial review of the Commissioner's decision.  On December 8, 2003, the District Court of Oregon remanded the case for further administrative proceedings based on the errors conceded by the Commissioner.  Tr. 384-87.  On January 10, 2004, the Appeals Council issued an Order remanding the case to an ALJ for proceedings consistent with its Order and that of the district court.  Tr. 390-91.

On remand, an ALJ held a second hearing on October 20, 2004,

_____

[1] Citations to the official transcript of record filed by the Commissioner on February 21, 2007, are referred to as "Tr."

3    -   OPINION AND ORDER

at which Betterton and an ME testified.  Tr. 794-825.  Betterton was again represented by an attorney.  Tr. 794.  A VE was present but was not called to testify.  Tr. 794-825.  The ALJ issued an opinion on April 13, 2005, in which he found Betterton is not disabled and, therefore, is not entitled to benefits.  Tr. 340-50.  The Appeals Council denied Betterton's request for review. Tr. 315-18.  The ALJ's decision, therefore, became the final decision of the Commissioner on July 25, 2007.  Tr. 318.

On August 9, 2007, Betterton again filed a Complaint in this Court in which he seeks review of the Commissioner's decision.

## BACKGROUND

Betterton was 43 years old at the time of the second hearing before the ALJ.  Tr. 794.  Betterton is a high-school graduate. Tr. 44, 810.  He has worked as a janitor, dishwasher, and sorter and packager.  Tr. 68, 134-36, 202.

Betterton has experienced chronic low-back pain since the early 1990s.  Tr. 29-32, 202, 658, 705, 712.  He has suffered from social anxiety and depression since roughly 1992 for which he has received sporadic treatment and counseling.  Tr. 202-03, 489-90, 553-54, 658, 712.  Betterton also has an extensive history of alcohol abuse.  Tr. 203, 555, 658, 709.  Due to alcoholism and ongoing mental and physical ailments, Betterton has been unable to maintain gainful employment and has

4  -  OPINION AND ORDER

experienced extended periods of homelessness.  Tr. 35-37, 553, 558, 704.  Betterton alleges a disability onset date of January 1, 1997.  Tr. 113.

Betterton has been diagnosed with ankylosing spondylosis and degenerative disc disease of the lower back.  Tr. 206, 223, 290, 715.  He also has been diagnosed with psychological impairments including depression and dysthymic disorder, personality disorder, learning disability, social phobia and anxiety, and substance-addiction disorder.  Tr. 206, 224, 496, 557-58, 661, 705, 715, 723, 749.

### STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are

supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Robbins,* 466 F.3d at 882.  The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005).  The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.  The Regulatory Sequential Evaluation.

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the

meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir.
2007).  *See also* 20 C.F.R. §§ 404.1520, 416.920.  Each step is
potentially dispositive.

In Step One, the claimant is not disabled if the
Commissioner determines the claimant is engaged in substantial
gainful activity.  *Stout v. Comm'r Soc. Sec. Admin.*,
454 F.3d 1050, 1052 (9th Cir. 2006).  *See also* 20 C.F.R.
§§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

In Step Two, the claimant is not disabled if the
Commissioner determines the claimant does not have any medically
severe impairment or combination of impairments.  *Stout*, 454 F.3d
at 1052.  *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii),
416.920(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner
determines the claimant's impairments meet or equal one of a
number of listed impairments that the Commissioner acknow-
ledges are so severe as to preclude substantial gainful activity.
*Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R.
§§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  The criteria for
the listed impairments, known as Listings, are enumerated in
20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must
assess the claimant's residual functional capacity (RFC).  The
claimant's RFC is an assessment of the sustained, work-related

physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. §§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996).  The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments.  An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'"  SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The

Commissioner may satisfy this burden through the testimony of a

VE or by reference to the Medical-Vocational Guidelines set forth

in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.

If the Commissioner meets this burden, the claimant is not

disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

**II.  Evaluation of Drug and Alcohol Abuse.**

A claimant is not considered disabled if drug addiction or

alcoholism is a contributing factor material to the determination

of disability.  42 U.S.C. § 1382c(a)(3)(J).  *See also Bustamante*

*v. Massanari,* 262 F.3d 949, 955 (9th Cir. 2001).  Substance abuse

is a material factor when the claimant's remaining limitations

would not be disabling if the claimant stopped using drugs or

alcohol.  20 C.F.R. §§ 404.1535(b), 416.935(b).

If the claimant is found to be disabled and there is medical

evidence of substance abuse, the ALJ must determine whether drug

addiction or alcoholism "is a contributing factor material to the

determination of disability."  20 C.F.R. § 416.935(a).  *See also*

20 C.F.R. § 404.1535(a).  To assess the materiality of drug or

alcohol abuse

> [A]n ALJ must first conduct the five-step
> inquiry without separating out the impact of
> alcoholism or drug addiction.  If the ALJ
> finds that the claimant is not disabled under
> the five-step inquiry, then the claimant is
> not entitled to benefits . . . .  If the ALJ
> finds that the claimant is disabled and there
> is medical evidence of [his or her] drug

9  -  OPINION AND ORDER

> addiction or alcoholism then the ALJ should
> proceed under § 404.1535 or 416.935 to
> determine if the claimant would still [be
> found] disabled if [he or she] stopped using
> alcohol or drugs.

*Bustamante*, 262 F.3d at 955 (internal quotation omitted).  In

effect, the ALJ must make a second five-step sequential inquiry

to "evaluate which of [the claimant's] current physical and

mental limitations, upon which [the ALJ] based [the] current

disability determination, would remain if [the claimant] stopped

using drugs or alcohol and then determine whether any or all of

[the claimant's] remaining limitations would be disabling."  20

C.F.R. §§ 404.1535(b)(2), 416.935(b)(2).  *See also Bustamante*,

262 F.3d at 955.

In such materiality determinations, the claimant bears the

burden to prove that drug addiction or alcoholism is not a

contributing factor material to the disability.  *Ball v.

Massanari*, 254 F.3d 817, 821 (9th Cir. 2001).


**ALJ'S FINDINGS**

At Step One, the ALJ found Betterton has not engaged in

substantial gainful activity since his alleged onset date of

January 1, 1997.  Tr. 341-42.

At Step Two, the ALJ found Betterton's learning disability,

depression, anxiety, personality disorder, substance-addiction

disorder, and ankylosing spondylosis are severe impairments.

10  -  OPINION AND ORDER

Tr. 342.

At Step Three, the ALJ found Betterton's impairments meet
the criteria for Listed Impairments 12.02 (Organic Mental
Disorders), 12.04 (Affective Disorders), 12.06 (Anxiety Related
Disorders), 12.08 (Personality Disorders), and 12.09 (Substance
Addiction Disorders) listed in 20 C.F.R. part 404, subpart P,
appendix 1.  Tr. 344.  The ALJ determined, however, that
"exclusive of alcohol use, his impairments do not meet or equal
the criteria of any listed impairment."  Tr. 344.  The ALJ then
assessed Betterton's RFC and found, "exclusive of alcohol use,"
Betterton is able to perform simple, routine, repetitive work
with occasional co-worker interaction and no public interaction;
to lift 20 pounds occasionally and 10 pounds frequently; and to
stand a maximum of two hours per day.  Tr. 346.

At Step Four, the ALJ found Betterton cannot return to his
past relevant work because he is only capable of light work.
Tr. 347.

At Step Five based on the testimony of the VE from the
initial hearing, the ALJ concluded Betterton is capable of
performing work that exists in significant numbers in the
national economy such as a sorter, assembler, and hand packager.
Tr. 348.  Accordingly, the ALJ found Betterton is not disabled,
and therefore, is not entitled to benefits.   Tr. 380-81.

11  -  OPINION AND ORDER

## DISCUSSION

Betterton contends the ALJ erred by failing to comply with the Orders of Remand issued by the Appeals Council and the District Court of Oregon and by improperly assessing the materiality of Betterton's alcohol abuse.

**I.   Compliance with Orders of Remand.**

As noted, the District Court of Oregon issued an Order of Remand on December 8, 2003.  Tr. 384-87.  In the Order, the Court noted the Commissioner conceded the ALJ improperly rejected the opinion of one of Betterton's treating psychologists, Carl Bonner, M.D., and the statements of William Gourley.  The Court remanded the matter for further administrative proceedings and instructed the ALJ to develop the record further as to Betterton's mental impairments and their effect on his ability to work.  Tr. 385-86.  The Court concluded the testimony of the VE "is not entirely clear on the deficiencies noted by the medical experts and the lay witness."  Tr. 386.

On January 10, 2004, the Appeals Council issued an Order of Remand consistent with that of the district court.  Tr. 390-91. Specifically, the Order required the ALJ to consider the medical evidence from Dr. Bonner and to provide an adequate rationale for the weight given to his assessment; to "obtain updated psychological evidence and opinion(s) regarding the claimant's ability to perform work-related mental activities from all of his

treating sources," including Dr. Bonner; to consider the lay
evidence from William Gourley and to provide a rationale for the
weight given to his statements in accordance with *Lewis v. Apfel*,
236 F.3d 503, 511 (9th Cir. 2000); and to "consult with a [VE] to
clarify the effects of the assessed limitations on the claimant's
occupational base as warranted by the expanded record."  Tr. 390-
91.

     Betterton contends the ALJ did not comply with the remand
order of either the district court or the Appeals Council when he
made his second decision that Betterton is not disabled.
Specifically, Betterton maintains the ALJ did not supplement the
record as instructed by the Appeals Council, failed to elicit
additional testimony from a VE as to the impact of Betterton's
mental impairments on his ability to work, and improperly
discredited the medical opinion of Dr. Bonner and the lay
evidence from William Gourley.

     The record, in fact, does not reflect the ALJ supplemented
the record as the Appeals Council instructed by "obtain[ing]
updated psychological evidence and opinion(s) regarding the
claimant's ability to perform work-related mental activities from
all of his treating sources" including Dr. Bonner.  Tr. 390.
Moreover, the ALJ did not call a VE to testify at the second
hearing despite the fact that a VE was present and available to
testify.  Tr. 340, 794.  Thus, the ALJ did not question the VE as

to the effect of William Gourley's statements that Betterton gets frustrated and isolates himself when he is pressured in a work-setting as the district court directed. Tr. 385. Instead the ALJ merely stated at the conclusion of the hearing that the testimony by the VE at the original hearing was sufficient and that he had no additional questions. Tr. 823.

In addition, the ALJ gave Dr. Bonner's opinion "little weight." Tr. 342, 346. As a treating physician, Dr. Bonner's uncontroverted opinion may be rejected only for clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1995). If a treating physician's opinion is contradicted by another examining or treating physician in the record, the ALJ must give specific and legitimate reasons for rejecting his opinion. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). The ALJ did not point to any medical evidence in the record that contradicted Dr. Bonner's assessment, and, therefore, the ALJ was required to give clear and convincing reasons for rejecting Dr. Bonner's medical opinion.

Dr. Bonner treated Betterton on two occasions in May and July 2000 and diagnosed Betterton with personality disorder, depressive disorder, and social phobia. Dr. Bonner noted Betterton "[s]eems to have essentially given up on life and is now more or less an automaton." Tr. 217-18, 223-24. Dr. Bonner

14  -  OPINION AND ORDER

assigned Betterton a GAF of 50.[2]  Tr. 224.

The ALJ's only rationale for rejecting Dr. Bonner's opinion
is that Betterton was working at a part-time job washing dishes
when Dr. Bonner treated him and that Betterton began a part-time
position with Goodwill as a sorter shortly thereafter.  Tr. 346.
The ALJ concluded Betterton is not as socially limited as Dr.
Bonner characterized him because he could perform these jobs.
Tr. 346.  The ALJ, however, did not identify any evidence in the
record that either position required social interaction nor did
he offer clear and convincing reasons for concluding Betterton's
ability to work in these part-time positions conflicted with Dr.
Bonner's assessment.  Moreover, Dr. Bonner considered Betterton's
current work status and still concluded Betterton suffered from
serious psychological impairments.  Tr. 223.  In any event, the
record is replete with medical opinions assigning Betterton a GAF
rating between 45 and 55, which indicates serious impairments.
Tr. 206, 496, 661, 705, 710.

In summary, the Court concludes the ALJ did not provide
clear and convincing reasons supported by substantial evidence in

---

    [2] Psychologists use GAF to rate the psychological, social,
and occupational functioning of patients.  *Morgan v. Comm'r. of
Soc. Sec. Admin.*, 169 F.3d 595, 597 n.1 (9th Cir. 1999).  A GAF
of 50 "indicates serious symptoms (*e.g.* suicidal ideation, severe
obsessional rituals, frequent shoplifting) or any serious
impairment in social, occupational, or school functioning (*e.g.*
no friends, unable to keep a job." *Id.*  The ALJ noted a GAF of
50 "is indicative of serious symptoms."  Tr. 346.

the record for assigning Dr. Bonner's opinion little weight.  For these reasons, the Court concludes the ALJ erred when he failed to comply with the remand orders issued by the District Court of Oregon and the Appeals Council when he did not supplement the record; did not question the VE further as to the functional limitations resulting from Betterton's multiple psychological impairments; and improperly discredited the medical opinion of Dr. Bonner, one of Betterton's treating physicians.  *See, e.g.*, 20 C.F.R. § 404.977(b)("The administrative law judge shall take any action that is ordered by the Appeals Council.").  *See also* 42 U.S.C. § 405(g).

**II.  Assessment of Betterton's Alcohol Abuse.**

Betterton contends the ALJ also erred in his assessment of the materiality of Betterton's alcohol abuse.

As noted, the Ninth Circuit has interpreted Social Security regulations as requiring an ALJ to perform an initial five-step inquiry without excluding the effects of substance abuse to determine whether the claimant is disabled:

> The ALJ should . . . proceed[] with the five-step inquiry without attempting to determine the impact of [the claimant's] alcoholism on his other mental impairments.  *If and only if* the ALJ found that [the claimant] was disabled under the five-step inquiry, should the ALJ . . . evaluate[] whether [the claimant] would still be disabled if he stopped using alcohol.

*Bustamante*, 262 F.3d at 955 (emphasis added).

16  -  OPINION AND ORDER

Here the ALJ determined at Step Three that Betterton's impairments met the criteria for Listed Impairments 12.02 (Organic Mental Disorders), 12.04 (Affective Disorders), 12.06 (Anxiety Related Disorders), 12.08 (Personality Disorders), and 12.09 (Substance Addiction Disorders) listed in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 344.  The Court notes a claimant is presumptively disabled if he meets a listed impairment.  20 C.F.R. §§ 404.1520(a)(4)(iii), (d); 416.920(a)(4), (d).  *See also Lester*, 81 F.3d at 828.  In his analysis at Steps Three and Five, however, the ALJ evaluated the impact of Betterton's alcoholism and found Betterton is not disabled exclusive of his abuse of alcohol.  The ALJ must first assess whether Betterton would be disabled inclusive of his substance-abuse disorder (12.09).  If he finds Betterton to be disabled, the ALJ must determine whether Betterton would still be disabled exclusive of his alcohol abuse. *See* 20 C.F.R. §§ 404.1535, 416.935.  *See also Bustamante*, 262 F.3d at 955.  Thus, the Court finds the ALJ erred when he failed to follow the process for evaluating the materiality of a claimant's substance abuse as required by *Bustamante* and the Social Security regulations.

## REMAND

The decision whether to remand this case for further proceedings or for the payment of benefits is a decision within

17  -  OPINION AND ORDER

the discretion of the court. *Harman*, 211 F.3d at 1178.

The decision whether to remand for further proceedings or
for immediate payment of benefits generally turns on the likely
utility of further proceedings. *Id.* at 1179. The court may
"direct an award of benefits where the record has been fully
developed and where further administrative proceedings would
serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for
determining when evidence should be credited and an immediate
award of benefits directed." *Harman*, 211 F.3d at 1178. The
court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally
> sufficient reasons for rejecting such
> evidence, (2) there are no outstanding issues
> that must be resolved before a determination
> of disability can be made, and (3) it is
> clear from the record that the ALJ would be
> required to find the claimant disabled were
> such evidence credited.

*Id.* The second and third prongs of the test often merge into a
single question: Whether the ALJ would have to award benefits if
the case were remanded for further proceedings. *Id.* at 1178 n.2.

Here the Court finds the record remains incomplete as to the
vocational impacts of Betterton's psychological impairments. The
ALJ failed to comply with the remand orders directing him, *inter
alia*, to supplement the record and to elicit additional testimony
from a VE. In addition, the ALJ failed to follow the process for

evaluating the materiality of a claimant's substance abuse as required by *Bustamante* and the Social Security regulations.  Even if the Court were to credit the testimony of Dr. Bonner due to the ALJ's failure to appropriately weigh his opinion, it is not clear on this record what functional limitations result from Dr. Bonner's diagnoses, particularly the GAF rating of 50.  The Court, therefore, again remands this matter for further proceedings.  The Court directs the ALJ to conduct such proceedings consistent with this Opinion and Order and in accordance with the previous Orders of Remand from the District Court of Oregon and the Appeals Council.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

Section 406(b) of the Social Security Act "controls fees for representation [of Social Security claimants] in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)(citing 20 C.F.R. § 404.1728(a)).  Under 42 U.S.C. § 406(b), "a court may allow 'a reasonable [attorneys'] fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the claimant." *Id*. at 795 (quoting 42 U.S.C. § 406(b)(1)(A)).  Because § 406(b) does

19  -  OPINION AND ORDER

not provide a time limit for filing applications for attorneys'
fees and Federal Rule 54(d)(2)(B) is not practical in the context
of Social Security sentence-four remands, Federal Rule of Civil
Procedure 60(b)(6) governs.  *Massett v. Astrue*, 04-CV-1006
(Brown, J.)(issued June 30, 2008).  *See also McGraw v. Barnhart*,
450 F.3d 493, 505 (10th Cir. 2006).  To ensure that any future
application for attorneys' fees under § 406(b) is filed "within a
reasonable time" as required under Rule 60(b)(6), the Court
orders as follows:  If the Commissioner finds Plaintiff is
disabled on remand and awards Plaintiff past-due benefits and if,
as a result, Plaintiff intends to submit such application for
attorneys' fees under § 406(b), Plaintiff shall submit any such
application within 60 days from the issuance of the Notice of
Award by the Commissioner.

　　　　IT IS SO ORDERED.

　　　　DATED this 30th day of June, 2008.

　　　　　　　　　　　　　　　　　/s/ Anna J. Brown

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　ANNA J. BROWN
　　　　　　　　　　　　　　　　United States District Judge